958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FREEMAN UNITED COAL MINING COMPANY, Petitioner,
v.
Colleen TANNER, widow of J.B. Tanner and Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 91-2115.
 United States Court of Appeals, Seventh Circuit.
 Argued March 4, 1992.
Decided March 16, 1992.
 
 Before CUMMINGS and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In December of 1979 doctors diagnosed J.B. Tanner as suffering from lung cancer. Within two months he underwent a pneumonectomy for removal of his right lung. In May 1980 he requested benefits from his employer Freeman United Coal Company pursuant to the Black Lung Benefits Act. 30 U.S.C. §§ 901 et seq. In 1982, Tanner died of cancer and his widow Colleen Tanner pursued his claim for black lung benefits.*
 
 
 2
 An ALJ held a formal hearing on the claim and concluded that Tanner had established statutory total disability thus entitling her to a rebuttable presumption that her husband was disabled due to black lung disease (pneumoconiosis). 20 C.F.R. § 718.305. The ALJ based this conclusion on her finding that a qualifying pulmonary function test, which Tanner submitted, and the corroborating testimony of her husband's coworkers that he suffered breathing difficulties, met the statutory requirements for total disability. The ALJ rejected the reports of Doctors Senior and Hansbarger, which Freeman pressed in rebuttal. The ALJ rejected Dr. Senior's report which concluded that there were no signs of occupational pneumoconiosis in Tanner's left lung. The report, the ALJ concluded, dealt only with Tanner's left lung and therefore the report could not establish absence of black lung disease in Tanner's removed right lung. The ALJ rejected as based on insufficient evidence and as irrelevant Dr. Hansbarger's report which stated that Tanner's right lung did not show signs of black lung disease. Concluding that Tanner had established total disability and that Freeman had failed to rebut it, the ALJ awarded Tanner benefits. The BRB affirmed the award, and Freeman now appeals that ruling.
 
 
 3
 The ALJ's order will stand if it is supported by substantial evidence, is in accord with the law, and is rational. Freeman v. Stone, No. 91-1754, slip op. at 4 (7th Cir. February 24, 1992). Because Tanner filed his claim after March 31, 1980 and before January 1, 1982 the ALJ correctly applied the following standard: "[A] miner, employed fifteen or more years in underground coal mines ... and with a totally disabling respiratory or pulmonary impairment, shall be rebuttably presumed to be totally disabled from pneumoconiosis." 30 U.S.C. § 921(c)(4) (1982).
 
 
 4
 The ALJ, supported by substantial evidence, found that Tanner was totally disabled. The crux of the total-disability question is whether the miner was able to perform his usual coal mine work or could find employment in the same geographic area requiring comparable skills. If a miner shows test results that meet the requirements of 20 C.F.R. § 718.204(c)(1), the ALJ must automatically find him totally disabled. Tanner's test results met the statutory requirements. If it is true that Tanner's pulmonary function studies were perfectly normal for a man with one lung, then, according to the regulations, it is equally true that a perfectly normal man with one lung is statutorily totally disabled.
 
 
 5
 Because Tanner established total disability presumptively caused by black lung disease, we must then address whether Freeman rebutted the presumption. Freeman must have established in rebuttal that, "(A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, unemployment in a coal mine." 30 U.S.C. § 921(c)(4) (1982). Freeman's rebuttal evidence attacks the validity of the pulmonary function tests and the testimony of Tanner's coworkers. Because Tanner met the statutory numbers, though, this evidence is not proper rebuttal evidence. The evidence must show either that Tanner did not have black lung disease or that the black lung disease did not arise out of the coal mine employment. The proffered evidence does not accomplish this.
 
 PETITION DENIED
 
 
 *
 References to Tanner include J.B. Tanner or Colleen Tanner as the context suggests